UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WARREN MARTINEZ and
BERNICE MARTINEZ, his wife,

    Plaintiffs,

v().                                                                        CASE NO. 3:02-cv-1100-J-32TEM

ALTEC INDUSTRIES, INC.,
PENSKE TRUCK LEASING CO., L.P.,
and SUMTER UTILITIES, INC.,

    Defendants.
_____

## O R D E R

The Court has before it Plaintiffs' Motion for Reconsideration of Order Denying Their Motion for Leave to Amend Complaint to Seek Punitive Damages (Doc. #209), which was filed May 31, 2005. Defendant Sumter Utilities, Inc. has responded in opposition to the instant motion (Doc. #213). The Motion for Reconsideration (Doc. #209) has been referred to the undersigned for consideration.

In the instant motion, Plaintiffs submit that the Court has overlooked the explanation offered in their Supplemental Memorandum (Doc. #174) for the late filing of the motion to amend. Plaintiffs are mistaken in this assertion. As Plaintiffs' supplemental memorandum was filed on February 22, 2005 (Doc. #174) and Defendant Sumter Utilities' supplemental memorandum was filed on February 8, 2005 (Doc. #171), the Court had the benefit of both parties' positions prior to issuing its ruling.

Plaintiffs' mistaken belief that Fla. Stat. § 768.72 was controlling on the issue of claiming punitive damages in a federal case is not sufficient reason to ignore the undue

delay in bringing the motion to amend the complaint. Defendant Sumter Utilities, Inc. is correct to point out that a mistake of law does not excuse a party for failing to seek amendment of a pleading at an earlier stage in the litigation. *Cf. DeMint v. NationsBank Corp.*, 208 F.R.D. 639, 641-43 (M. D. Fla. 2002) (internal citations omitted) (discussing excusable neglect as the standard of review for failure to timely "opt out" of a class action suit).

The Court based its Order denying the motion to amend on the undue delay in the filing of the motion and the likelihood that granting the motion at a late stage of the proceedings could lead to further discovery and delay. In the May 18, 2005 Order, the Court discussed the precedential case law concerning punitive damages claims under Fla. Stat. § 768.72 and found Plaintiffs could and should have raised their claim for punitive damages at a much earlier date in the litigation. Although the trial date has now been continued from July 2005 trial term until September 2005, the continuance does not excuse the undue delay of Plaintiffs' late filed motion to amend and the resulting prejudice to Defendant Sumter if the motion to amend were to have been granted.

In the request for reconsideration, Plaintiffs candidly acknowledge that it was a mistake of law that led them to believe that Florida Statute § 768.72 applied even in a federal proceeding. They argue, however, that the Court had not set a deadline for amending pleadings and that the motion was filed before the discovery deadline for Sumter and prior to Sumter's motion for summary judgment. Plaintiffs thus urge the Court to find that the cases cited in the Court's Order denying the motion to amend are inapplicable because discovery deadline or dispositive motion deadline had already passed in those

cases.  However, Plaintiffs fail to acknowledge that the discovery deadline in this case had expired for all parties at the time the motion to amend was filed and only later did the Court allow a limited enlargement of the discovery period as to Defendant Sumter Utilities.

Plaintiffs have added nothing new to their argument that they should be allowed to amend the complaint to assert a claim for punitive damages against Defendant Sumter Utilities.  Other courts in the Middle District of Florida have found that a motion for reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *PaineWebber Income Properties Three Ltd. Partnership By and Through Third Income Properties, Inc. v. Mobil Oil Corp.*, 902 F.Supp. 1514, 1521 (M.D. Fla. 1995), *citing Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993) (discussing reconsideration of a dispositive order).  Plaintiffs have failed to meet this standard.

Defendant Sumter Utilities argues most strenuously that the addition of a punitive damage claim would have substantially changed its defense strategy in the case, including the depositions taken and experts used.  Further, now that discovery is closed in this action and the dispositive motion deadline has passed, Sumter Utilities is precluded from seeking summary judgment on punitive damages.

The Court believes Defendant Sumter Utilities would suffer prejudice if Plaintiffs were permitted to add a claim for punitive damages at this stage of the proceedings.  Further, Plaintiffs' mistake of law does not excuse the undue delay in filing the motion to amend the complaint.

Thus, for the reasons stated herein, Plaintiffs' Motion for Reconsideration of Order Denying Their Motion for Leave to Amend Complaint to Seek Punitive Damages (Doc. #209) is **DENIED**. Should Plaintiffs intend to object to this Order under the provisions of Rule 72, Fed. R. Civ. P., the undersigned strongly encourages Plaintiffs advise the Hon. Timothy J. Corrigan of such intent during the motion hearing on June 15, 2005.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of June, 2005.

Copies to:
All counsel of record
Hon. Timothy J. Corrigan

THOMAS E. MORRIS
United States Magistrate Judge